**JUDGE BAER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV 6342**

------------------------------------------------------------

PAUL SCHOECKERT,

               Plaintiff,

     -against-

THE CITY OF NEW YORK; POLICE OFFICER
MICHAEL GISBERT, Shield No. 7705; JOHN
DOE #1; JOHN DOES; and RICHARD ROES,

               Defendants.

------------------------------------------------------------X

     **COMPLAINT**

     **JURY TRIAL DEMANDED**

RECEIVED
SEP 10 2013
U.S.D.C. S.D.N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff PAUL SCHOECKERT seeks

relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth

Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including

its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.     The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

1

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on September 7, 2012.  More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff PAUL SCHOECKERT was at all times relevant herein a resident of the State of New York.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.      Defendants POLICE OFFICER MICHAEL GISBERT, Shield No. 7705, JOHN DOE #1, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE OFFICER MICHAEL GISBERT, Shield No. 7705, JOHN DOE #1, and JOHN DOES are sued individually and in their official capacity.

10.     Defendants JOHN DOE #1 and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

3

JOHN DOE #1 and RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11.     On June 13, 2012, approximately 9:45 p.m., Plaintiff was walking on the sidewalk at, on information and belief, the intersection of Greenwich Avenue and W. 11th Street, Manhattan, NY.

12.     Plaintiff had been walking on the opposite sidewalk on, on information and belief, Greenwich Avenue, across the street from a sidewalk march associated with the Occupy Wall Street (OWS) movement.

13.     Plaintiff had been observing the OWS sidewalk march.

14.     Along the march route, Plaintiff had repeatedly asked for the shield number of a New York City Police Department (NYPD) TARU (Technical Assistance Response Unit) Officer, whose shield number was not visible.

15.     When Plaintiff reached the intersection of Greenwich Avenue and W. 11th Street (at which point he was in the crowd along with the other demonstrators) he wanted to proceed straight, and cross the intersection to the other side of the street.

16.     JOHN DOES members of the NYPD told the demonstrators that they had to turn.

17.     The demonstrators turned, and went off to the left.

18.     After all the demonstrators turned, Plaintiff, alone, walked up to the corner, waited for the lawful walk signal, and proceeded to try to cross the street.

19.     After proceeding a couple of steps into the intersection, JOHN DOE #1 (a supervisory level police official, wearing a white shirt, whose identity is presently unknown) stopped Plaintiff and told Plaintiff that he could not proceed straight, and asked plaintiff where

4

Plaintiff was going.

20.     Plaintiff responded that he wanted to proceed straight.

21.     JOHN DOE #1 told Plaintiff that he had to go in the same direction that the marchers had gone.

22.     Plaintiff told JOHN DOE #1 that he did not want to in the direction that the marchers had gone.

23.     JOHN DOE #1 then issued a command for Plaintiff to be arrested.

24.     Plaintiff was then attacked by a number of JOHN DOES police officers, without cause or justification, including being struck on the head more than once, being kicked in the groin, being thrown to the ground, and having his face be forcibly shoved into a plastic garbage bag on the curb (which inhibited his breathing, requiring him to struggle to be able to breathe).

25.     Plaintiff did not resist the police.

26.     The JOHN DOES police officers twisted Plaintiff's right arm behind him, and handcuffed Plaintiff behind his back.

27.     The JOHN DOES police officers falsely shouted "stop resisting," despite the fact that Plaintiff was trying to put his hands behind his back so that he could be handcuffed, and asking the JOHN DOES police officers to just arrest him and stop hurting him.

28.     Plaintiff was taken to a NYPD Police Precinct, on information and belief the 7th Precinct.

29.     Plaintiff was searched, fingerprinted, and photographed at the precinct, and placed into a holding cell.

30.     Plaintiff requested medical attention while at the precinct, and was taken, in

5

handcuffs, to Bellevue Hospital for treatment.

31.     From Bellevue Hospital, Plaintiff was taken back to the police precinct.

32.     Plaintiff was thereafter taken to Manhattan Central Booking.

33.     Plaintiff was arraigned, and released on his own recognizance.

34.     Plaintiff was falsely charged with one count of violation of Penal Law § 205.30 (Resisting Arrest), one count of violation of Penal Law § 240.20(5) (Disorderly Conduct), and one count of violation of Penal Law § 221.05 (Unlawful Possession of Marijuana).

35.     Defendant Police Officer GISBERT is the deponent on the Criminal Court Complaint that was lodged against Plaintiff, and falsely attests, under penalty of perjury, that Plaintiff obstructed vehicular traffic by standing in the middle of the street when the light was green, causing four vehicles to stop and that the vehicles could not pass Plaintiff until Plaintiff was arrested and moved from the street, and that Plaintiff flailed his arms and refused to give his hands.

36.     These allegations are lies.

37.     All charges against Plaintiff have been dismissed by way of adjournment in contemplation of dismissal.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

38.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

39.     By their conduct and actions in seizing plaintiff, searching plaintiff, falsely arresting

and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff, abusing

process against plaintiff, violating rights to due process of plaintiff, violating and retaliating for

plaintiff's exercise of his rights to free speech and assembly, failing to intercede on behalf of the

plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he

received at the hands of other defendants, defendants GISBERT, JOHN DOE #1, DOES and/or

ROES, acting under color of law and without lawful justification, intentionally, maliciously, and

with a deliberate indifference to or a reckless disregard for the natural and probable consequences

of their acts, caused injury and damage in violation of plaintiff's constitutional rights as

guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth,

and Fourteenth amendments.

40.    As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

41.    The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

42.    By their conduct in failing to remedy the wrongs committed by their subordinates

and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants

JOHN DOE #1 and RICHARD ROES caused damage and injury in violation of plaintiff's rights

guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth,

7

and Fourteenth amendments.

43.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

44.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

45.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

46.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

47.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto

8

policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

48.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

49.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional false arrests and related malicious prosecutions, and in unconstitutional, violent, and overly aggressive actions toward individuals perceived as being affiliated with the Occupy Wall Street movement. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

50.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

9

## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
## FOR STATE LAW VIOLATIONS

51.    The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

52.    The conduct of the individual defendants alleged herein, occurred while they were

on duty and in uniform, and/or in and during the course and scope of their duties and functions as

New York City police officers, and/or while they were acting as agents and employees of the

defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW

YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

53.    As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

### FIFTH CLAIM

### ASSAULT AND BATTERY

54.    The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

55.    By the actions described above, defendants did inflict assault and battery upon the

plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and

damage to the plaintiff and violated his statutory and common law rights as guaranteed by the

laws and Constitution of the State of New York.

56.    As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

57.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

58.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

59.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE
### OF RIGHTS TO FREE SPEECH AND ASSEMBLY

60.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

61.     By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and assembly rights of plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

62.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### TRESPASS

63.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

64.    The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

65.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

66.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

67.    By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

68.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## NEGLIGENCE

69.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

70.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

71.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

72.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

73.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

13

74.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## ABUSE OF PROCESS

75.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

76.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

77.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

## CONSTITUTIONAL TORT

78.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

14

79.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, and 12 of the New York State Constitution.

80.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

81.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

15

Dated:      New York, New York
            September 10, 2013

                                        JEFFREY A. ROTHMAN, Esq.
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980

                                        Attorney for Plaintiff